

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-12-2008

# Beckerman v. Weber

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3587

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Beckerman v. Weber" (2008). *2008 Decisions.* Paper 672.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/672

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 07-3587

————————

MARK BECKERMAN,
<u>Appellant</u>
vs.

THOMAS J. WEBER, Esquire; GOLDBERG, KATZMAN & SHIPMAN, P.C. a/k/a
Goldberg, Katzman, P.C.; JOHN DOE 1, an employee of the Pennsylvania Lottery
Commission; JOHN DOE 2, an employee of Peachtree Settlement Funding Corporation
t/d/b/a/ Settlement Funding, L.L.C.

————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 06-CV-01334 )
District Judge:   Honorable Yvette Kane

————————

Submitted Under Third Circuit L.A.R. 34.1(a)
July 25, 2008
Before:   McKEE, FUENTES and WEIS, <u>Circuit</u> <u>Judges</u>

(Filed: August 12, 2008)

————————

<u>OPINION</u>

————————

WEIS, <u>Circuit Judge</u>.

Plaintiff Mark Beckerman appeals the District Court's dismissal of his

1

claims against defendants Thomas J. Weber and Goldberg, Katzman & Shipman, P.C., pursuant to Fed. R. Civ. P. 12(b)(6). We will affirm.

In accordance with the standard of review for a motion to dismiss, we "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

In 1991, Beckerman won a prize of $3,234,000 in the Pennsylvania State Lottery and began receiving annual installments of $154,000. On February 25, 1998, Beckerman entered into a Lottery Prize Assignment Agreement with Woodbridge Sterling Capital, LLC, through which he received a lump-sum payment of $400,000 in exchange for an assignment of his right to receive three future annual prize installments. Woodbridge later assigned its rights under the Agreement to Aurora Financial Corporation.

Beckerman discussed the Agreement with defendant attorney Thomas Weber of the firm of Goldberg, Katzman & Shipman and was advised that the Agreement was not in his best interests. After Beckerman sought to rescind the Agreement, Aurora filed an action in state court asserting a breach of the Agreement. Beckerman contended through the Goldberg firm that his medical condition and problems with substance abuse prevented him from appreciating or understanding the Agreement. The case was settled

2

in 1999. Peachtree Settlement Funding Corporation retained Weber and his firm at the same time that they were representing Beckerman in the Aurora matter. Weber and his firm allegedly began negotiating a lottery prize assignment between Peachtree and Beckerman on behalf of both clients.

After the Aurora case settled, Weber and his firm "had [Beckerman] execute a contract" assigning Peachtree three future prize installments in return for a lump-sum payment. Weber and his firm then filed a petition in state court on Beckerman's behalf seeking judicial approval of the assignment. Weber and his firm allegedly concealed Beckerman's mental condition from the court and falsely represented that he fully understood and appreciated the terms of the agreement with Peachtree.

At a hearing on the petition, an attorney from the Goldberg firm other than Weber represented Beckerman and failed to disclose the medical conditions. The court approved the petition.

On multiple occasions prior to 2006, Beckerman requested his file from Weber and his firm, but was unsuccessful.

Beckerman's complaint in the District Court asserts claims under the First and Fourteenth Amendments and adds purported violations of state law. The District Court dismissed the complaint pursuant to Rule 12(b)(6).

Beckerman disputes the dismissal of his First Amendment denial-of-access-to-courts claim. We agree with the District Court that Beckerman has not stated a viable

3

claim. The backward-looking First Amendment denial-of-access-to-court claims identified by the Supreme Court involved situations in which "official acts" caused the denial of access to the courts. Christopher v. Harbury, 536 U.S. 403, 413-14 (2002). The complaint here does not aver that an official act caused Beckerman to lose access to the courts. At bottom, the plaintiff's claim is for legal malpractice, rather than a constitutional violation.

Before turning to Beckerman's next contention we will raise an issue *sua sponte*. Beckerman brought his First Amendment claim under 42 U.S.C. § 1983. A plaintiff who has a § 1983 claim dismissed under Rule 12(b)(6) is ordinarily given an opportunity to amend the claim, unless amendment would be inequitable or futile. See Phillips, 515 F.3d at 236.

Here, amending the claim would have been futile. Beckerman has clearly provided the facts underlying his First Amendment claim but an essential element of a viable claim, an official act, is lacking. This deficiency is a legal inadequacy that amending the complaint cannot cure.

Beckerman also challenges the District Court's order dismissing his state-law claims because the applicable two-year statute of limitations, 42 Pa. Cons. Stat. § 5524, had expired. The state-law claims that Beckerman asserts arise from injuries he allegedly suffered as a result of executing the Peachtree assignment. The state court approved the Peachtree assignment on April 5, 2000, yet Beckerman did not file his complaint in this case until July 7, 2006. It is apparent from the face of the complaint that

4

Beckerman brought his state-law claims at least four years after the statute of limitations expired.

Beckerman argues that he has set forth facts that, if true, would trigger Pennsylvania's "discovery rule" and excuse this four-year lapse. Beckerman's complaint, however, does not provide a factual basis that could support a conclusion that he did not discover his purported injuries until a time that would excuse his late filing of this action. The District Court therefore correctly dismissed Beckerman's state-law claims.

Beckerman's final challenge is to the District Court's decision to deny him leave to file a sur-reply to Weber and Goldberg, Katzman & Shipman's motion to dismiss. The District Court did not abuse its discretion in denying Beckerman's motion, which in effect was an untimely attempt to amend his complaint rather than supplement his brief after the pleadings were closed.

Finally, we note that the District Court found that defendants John Doe 1 and John Doe 2 were not served with a summons within the 120-day period provided in Federal Rule of Civil Procedure 4(m), but did not dismiss the complaint against those defendants without prejudice as Rule 4(m) requires. Beckerman admits that John Doe 1 and John Doe 2 were never served with a summons. Consequently, we will direct that the complaint as to defendants John Doe 1 and John Doe 2 be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).